**William M. DAVIS, Jr., Plaintiff,**

v.

**James G. MARTIN, et al., Defendants.**

**Civ. No. 92–CV–167.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 19, 1992.

William M. Davis, Jr., [COR LD NTC], Charlotte, NC, pro se.

J. Michael McGuinness, [COR LD NTC], McGuinness & Parlagreco, Boston, MA, for plaintiff.

David Roy Blackwell, [COR LD NTC], Isham B. Hudson, [COR LD NTC], N.C. Dept. of Justice, Raleigh, NC, for defendants.

Carolin D. Bakewell, [COR LD NTC], The North Carolina State Bar, Raleigh, NC, for defendant Kenneth Essex.

## ORDER

MULLEN, District Judge.

This matter is before the Court upon motion of the defendants to dismiss and for

summary judgment. Plaintiff originally filed this matter along with a motion for a temporary restraining order and preliminary injunction. This Court denied the plaintiff's request for a temporary restraining order, but directed the parties to file briefs with the Court addressing the impact of political patronage cases upon the issues raised in this action. Both the plaintiff and the defendants subsequently filed briefs as directed by the Court. As part of their brief, the defendants filed a motion to dismiss and, in the alternative, for summary judgment. Plaintiff agreed in his brief that the Court should treat this matter on summary judgment so as to make it a final decision on the merits, as the matter is essentially a question of law, and the evidence of record is sufficient for this Court to issue a permanent injunction under Rule 65. For the reasons stated herein, the Court grants the defendants' motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(1).

▮▮▮ The plaintiff, a Republican, requests that the Court permanently enjoin the 26th Judicial District Bar from soliciting, selecting, and submitting nominees on the basis of political affiliation, pursuant to N.C.Gen.Stat. § 7A–142, to fill the unexpired term of a District Court Judgeship created by the resignation of a judge who is a Democrat. North Carolina General Statute § 7A–142 provides as follows:

> A vacancy in the office of District Judge shall be filled for the unexpired term by appointment of the Governor from nominations submitted by the Bar of the judicial district ... If the District Court Judge was elected as the nominee of a political party, then the district bar shall submit to the Governor the names of three persons who are residents of the district court district ... and who are members of the same political party as the vacating judge; ...

N.C.Gen.Stat. § 7A–142 (1991).

Plaintiff contends that this statute violates his rights under the First and Fourteenth Amendments of the United States Constitution as well as several provisions of the North Carolina Constitution. The Court finds that the Eleventh Amendment bars consideration of plaintiff's North Carolina Constitutional claims. Therefore, these claims will be dismissed pursuant to Rule 12(b)(1). *See Mayberry v. Dees,* 663 F.2d 502, 505 (4th Cir.1981), *cert. denied,* 459 U.S. 830, 103 S.Ct. 69, 74 L.Ed.2d 69 (1982); *Dawkins v. Craig,* 483 F.2d 1191, 1194–95 (4th Cir.1973), *cert. denied,* 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974). It should be noted that the North Carolina Supreme Court has upheld the constitutionality of N.C.Gen.Stat. § 7A–142 under the North Carolina Constitution in the case of *Baker v. Martin,* 330 N.C. 331, 410 S.E.2d 887 (1991).

In support of the plaintiff's argument that the statute in question violates the United States Constitution, the plaintiff relies heavily on a trilogy of political patronage cases, *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); and *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). In *Elrod* and *Branti,* the Court held that discharging certain public employees on the basis of political affiliation violates the First Amendment. Furthermore, in *Branti,* the Court held that patronage dismissals were permissible if it could be shown that "party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti,* 445 U.S. at 518, 100 S.Ct. at 1295. In *Rutan,* the Court extended *Elrod* and *Branti* to include promotions, transfer, recall, and hiring decisions based on political affiliation. *Rutan,* 497 U.S. at 79, 110 S.Ct. at 2739. The Court specifically held that these types of decisions involving low-level public employees may not be constitutionally based on party affiliation and support. *Id.* at 65, 110 S.Ct. at 2732. The plaintiff now seeks to extend *Rutan* to include the appointment of judges. In support of his argument that *Rutan* is applicable and should cover judicial appointments, the plaintiff points to a comment in Justice Scalia's dissent in *Rutan,* in which Justice Scalia notes that "if there is any category of jobs for whose performance party affiliation is not an appropriate requirement, it is the job of being

a judge, where partisanship is not only unneeded but positively undesirable." *Id.* at 92, 110 S.Ct. at 2746, (Scalia, J., dissenting).

In *Newman v. Voinovich,* 789 F.Supp. 1410 (S.D.Ohio 1992), the court addressed an issue that is substantially similar to the one presented before this Court. *Newman* involved a system provided for in the Ohio Constitution whereby interim vacancies in judicial seats were filled by appointment of the governor. *Newman,* 789 F.Supp. at 1412. The question before the court was whether gubernatorial appointments of state judges based on political affiliation violates the First and Fourteenth Amendments of the United States Constitution. *Id.* at 1411. In a well-written and highly persuasive opinion, the district judge in *Newman* held that such appointments were not violative of the plaintiff's rights under the First and Fourteenth Amendments. In *Newman,* as in the case before this Court, the plaintiff based his claim upon the holding in *Rutan,* and specifically upon Justice Scalia's comments in the dissent about the judicial branch. Finding that Justice Scalia's comments do not serve to extend *Rutan's* holding to judicial appointments, the court stated:

> It seems apparent to this Court that the language selected by Scalia was carefully chosen to show not only the irony of the majority's decision, but in fact how ridiculous he believed the Court's conclusion was.... It demonstrates the fervor of his disagreement rather than any extension of the decision to judicial appointments. Therefore, a constitutional violation will have to come from an expanded interpretation of *Rutan* and other such cases.

*Id.* at 1417.

The district judge in *Newman* went on to distinguish the *Rutan* case, as well as other cases submitted by the plaintiff, pointing out that these cases all address hiring and firings of executive branch employees, and none reflect a challenge to the appointment of judges. *Id.* at 1418. Furthermore, the specific employment decisions in *Elrod, Branti,* and *Rutan* were not subject to

approval by the people of the state through elections. *Id.* at 1420. In Ohio, as well as in North Carolina, an appointed judge must face the electorate at the end of the term in order to retain his seat.

As in *Newman,* this Court declines to extend the *Rutan* case beyond its immediate application to low-level executive branch employees to cover judicial appointments. The North Carolina General Assembly, whether wisely or unwisely, has provided a process to fill judicial vacancies which preserves the partisan political affiliation of the office being filled, and therefore at least preserves the voters' political party choice for that particular office. Furthermore, this process fills judicial vacancies without incurring the expense and delay of a special election. It should be noted that the statute operates only in limited circumstances where there is a vacancy in the judiciary in which the vacating judge was elected as a candidate of a political party. If the vacating judge held office as an appointee or ran as an independent, the political affiliation of a potential replacement is of no consequence. The statute is party neutral and applies whether the judgeship was held by a Democrat, Republican, or a member of any other political party.

As this Court pointed out in its May 8, 1992 Order denying plaintiff's motion for a temporary restraining order, the constitutionality of N.C.Gen.Stat. § 7A–142 was upheld in this district by the Honorable James McMillan in an unpublished opinion which addressed the precise issue now before this Court. *Smith v. Martin,* No. C–C–86–40–M (W.D.N.C. Aug. 1, 1986). *Smith* was affirmed by the Fourth Circuit in an unpublished opinion, *Smith v. Martin,* 816 F.2d 673 (4th Cir.1987). Although the Court realizes that these unpublished decisions are not binding on this Court, their reasoning is nevertheless quite persuasive. Both cite *Rivera–Rodriguez v. Popular Democratic Party,* 457 U.S. 1, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982), in which the Supreme Court upheld a Puerto Rican statute similar to N.C.Gen.Stat. § 7A–142 that provided for the replacement of a vacating legislator. The statute

in *Rodriguez* allowed only those members of a deceased legislator's political party to appoint his successor and excluded members of an opposition political party from the process. In finding no violation of the right to freedom of association or equal protection, the Court noted that the statute serves the legitimate purpose of ensuring the prompt replacement of vacated officials without the expense and inconvenience of a special election, while also more fairly reflecting the will of the voters by providing for selection of the interim office holder by the vacating legislator's political party. *Rodriguez*, 457 U.S. at 12, 102 S.Ct. at 2201.

In sum, this Court finds that the *Rutan* case is inapplicable to the present case. Thus, under existing caselaw, there is no constitutional impediment to the North Carolina General Assembly's decision to fill judicial vacancies only with nominees of the same political affiliation as the vacating judge.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss is hereby GRANTED.